# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

    (1) COREY NORRIS,
        a/k/a "Case," "Jacorey Johnson,"

    (4) RAYMOND JEFFREYS
        a/k/a "Skame Dollarz," "Skame,"
        "Skamen," "Define Dollarz,"
        "Frenchy,"

    (8) JAQUAN CASANOVA
        a/k/a "Cass," "Joffy,"
        "Joffy Joe"

Defendants

Crim. No. 13-CR-10077-DJC

18 U.S.C. § 1001
(False Statements to a Federal Agent)
18 U.S.C. § 1512(a)(1)(C)
(Tampering with a Witness by
Attempting to Kill)
18 U.S.C. § 1512(k)
(Conspiracy to Tamper with a Witness
by Attempting to Kill)
(Conspiracy to Sex Traffic a Child)
18 U.S.C. §§ 1591(a) & (b)(1) & 1594(a)
(Sex Trafficking and Attempted Sex
Trafficking of a Child)
18 U.S.C. §§ 1591(a) & (b)(1) & 1594(a)
(Sex Trafficking and Attempted Sex
Trafficking By Force, Fraud, and
Coercion)
18 U.S.C. § 2423(e)
(Conspiracy to Transport a Minor
to Engage in Criminal Sexual Activity)
18 U.S.C. § 2421
(Transportation and Attempted
Transportation with Intent to Engage in
Criminal Sexual Activity)
18 U.S.C. §§ 2423(a) & (e)
(Transportation and Attempted
Transportation of a Minor With Intent
to Engage in Criminal Sexual Activity)
18 U.S.C. § 2
(Aiding and Abetting)
18 U.S.C. §§ 981(a)(1)C), 1594(d),
2428(b) and 28 U.S.C. § 2461(c)
(Forfeiture)

1

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges that:

1.     RAYMOND JEFFREYS a/k/a "Skame Dollarz," "Skame," or "Frenchy" is a native of Boston, Massachusetts.

2.     Beginning in at least 2006, when he was eighteen, Jeffreys began recruiting, enticing, harboring, transporting, obtaining, and maintaining girls and women to work for him as prostitutes.  He continued to do so until May 2014.

3.     Jeffreys targeted vulnerable girls and women, including those who were poor and/or homeless, drug addicts, and those who were already working as prostitutes or who had done so in the past.  Many of the women either had children when they met Jeffreys and/or became pregnant with his child.

4.     Jeffreys used a variety of methods to entice girls and women to work for him.  He often glamorized his lifestyle and his music performance career, both in the way he presented himself in person and through social media.  He used girls and women that were working for him to glamorize and attempt to normalize his prostitution business.  He made promises and often engaged in romantic gestures and/or engaged in sexual relationships with the girls and women who worked with him.

5.     Jeffreys used a variety of techniques to persuade and manipulate the girls and women who worked for him as prostitutes.  He often provided them with drugs and alcohol.  He would buy things for them, including drugs or clothes, and then claim they owed him a debt that

2

had to be repaid by working.  He would occasionally take their shoes in an attempt to control their movement.  He would make promises to them about providing for them and their children. He often threatened them, including by telling them he would kill them.  He was violent with a number of the women, and would be violent with them in front of each other, instilling a climate of fear.  He would make them aware of his ownership of and access to firearms.  He used all of these techniques, and others discussed below, as part of his scheme to control the girls and women through force, fraud, coercion and a combination of those means.

6.      Jeffreys primarily advertised and provided girls and women for prostitution by posting online advertisements with a photograph, either taken from the internet or of the girl or woman herself, and a telephone number.  In order to evade law enforcement, Jeffreys frequently rotated telephone numbers, both those he used himself and those he provided to the girls and women who worked for him.  Further, Jeffreys instructed the girls and women on the use of specific techniques to attempt to evade law enforcement in answering prospective client's calls in response to the advertisement.

7.      Jeffreys and his co-conspirators frequently used hotel rooms, often near highways, for the girls and women to engage in prostitution activity.  Jeffreys often stayed in an adjacent room, in the bathroom, or on the other line of a phone left connected in the room, in order to monitor the activity in the hotel room.  He made sure that the girls and women who worked for him were aware of his ability to monitor what they said and did when they were not with him. This was a technique he used as part of his scheme to control the girls and women.

8.      Jeffreys required the girls and women to give him all of the proceeds from the

3

prostitution following each transaction.  When the girls or woman wanted or needed something for themselves or their children, Jeffreys would often require them to work, then purchase the item himself and provide it.  For instance, if a woman needed diapers for her (or their) child, he would tell her to make money by working for him as a prostitute, and then he would provide the diapers.  This was also a technique he used as part of his scheme to control the girls and women.

9.      Jeffreys and his co-conspirators travelled across the country, generally by car, to engage in sex trafficking, including in Massachusetts, Maine, New Hampshire, Vermont, Rhode Island, Connecticut, New Jersey, New York, Pennsylvania, Georgia, Florida, Nevada, and California.

10.      Jeffreys worked with other men to share resources, such as car rides, hotel rooms, and the payment means for the online advertisements.  Colloquially, such relationships are often referred to as "pimp partners" or "p partners."  Jeffreys taught other men, including Darian Thomson, a/k/a "Bo," and Corey Norris, a/k/a "Case," how to engage in sex trafficking. Thomson and Norris transitioned from assisting Jeffreys in his operation to harboring, transporting, obtaining, and maintaining girls and women to work directly for them.  The men continued their affiliation, however, and continued to share resources.  On occasion, girls and women would move from one of the men to the other.

11.      Jeffreys often provided the girls and women who worked for him with false identifications or real identifications of other people.  Jeffreys and his co-conspirators would frequently reuse the names and/or identifications of real people who had either worked for them as prostitutes or were related to or affiliated with their prostitutes.  Often, Jeffreys would keep

4

the girls' and women's actual, genuine identifications while they worked for him. This was another technique he used as part of his scheme to control the girls and women.

12.     Jeffreys attempted to evade law enforcement by using the women who worked for him to act on his behalf to handle transactions such as booking hotel rooms. Jeffreys often had one woman in the role of his primary prostitute, also known as a "Bottom" or "Bottom Bitch." This woman would assist in the logistical aspects of the business. Often, this woman would have a child by Jeffreys.

13.     Jeffreys also attempted to evade law enforcement by promising the girls and women that if they were caught by law enforcement in connection with prostitution or other criminal activities engaged in with him, he would take care of them. Jeffreys and his co-conspirators would in fact often pay or offer to pay fines or restitution for the girls and women, and bail them out of jail. This was another technique he used as part of his scheme to control the girls and women.

14.     Jeffreys threatened and harassed the girls and women that worked for him and that formerly worked for him, both verbally and using online communications, to intimidate them and prevent them from providing information to law enforcement about his criminal activities. He and his associates referred to individuals who provided information to law enforcement as "rats." This was another technique he used as part of his scheme to control the girls and women.

15.     On March 21, 2013 a United States Grand Jury indicted Norris, Vanessa Grandoit, and Darian Thomson, a/k/a "Bo," "Dee Bo" on charges of sex trafficking and

transportation for purposes of prostitution.  Norris and Grandoit were arrested shortly thereafter. Thomson was in New Jersey in state custody and was not arrested on the federal charges.

16.     In April 2013, Thomson was released from state custody and returned to Boston, Massachusetts.  On or about April 30, 2013, Thomson was shot in the head.

17.     Jeffreys believed that Thomson had cooperated with law enforcement in New Jersey and directed the shooting of Thomson, to prevent Thomson from providing information regarding him and Norris to federal law enforcement.  Jaquan Casanova a/k/a "Cass," "Joffy," or "Joffy Joe," carried out the shooting at Jeffrey's direction.  Jeffreys and Casanova intended to kill Thomson.

## COUNT ONE

### (Conspiracy to Sex Traffic Minors and by Force, Fraud and Coercion)
### 18 U.S.C. § 1594(c)

18.    The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

19.    From on or about August 2008 through May 2014, in the Districts of Massachusetts, Maine, New Hampshire, Vermont, Rhode Island, Connecticut, Pennsylvania, New Jersey, New York, Maryland, Georgia, Nevada, Florida, and California the defendants,

> **(4)  RAYMOND JEFFREYS**
> a/k/a "Skame Dollarz," "Skame," "Skamen"
> "Define Dollarz," "Frenchy," and

> **(1)  COREY NORRIS,**
> a/k/a "Case," "Jacorey Johnson,"

with others known and unknown to the Grand Jury, knowingly did conspire with each other to recruit, entice, harbor, transport, provide, obtain and maintain by any means individuals, both known and unknown to the Grand Jury, in and affecting interstate commerce, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, and a combination of such means would be used to cause those individuals to engage in commercial sex acts, and that some individuals had not attained the age of 18 years and would be caused to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a) and (b)(1) and (b)(2).

All in violation of 18 U.S.C. § 1594(c).

7

## COUNT TWO

### (Sex Trafficking and Attempted Sex Trafficking of a Child and by Force, Fraud and Coercion)
### 18  U.S.C. §§ 1591(a) and (b)(1) and (b)(2) and § 1594(a)

20.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

21.     In or about July 2006, in the Districts of Massachusetts and Maryland, the defendant,

**(4)   RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen"**
**"Define Dollarz," "Frenchy,"**

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, Victim 1, whose identity is known to the Grand Jury, knowing that force, threats of force, fraud, and coercion would be used to cause Victim 1 to engage in a commercial sex act, and knowing that Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and (b)(2)  and 18 U.S.C. § 1594(a).

## COUNT THREE

**(Transportation of Minor With Intent to Engage in Criminal Sexual Activity)**
**18  U.S.C. § 2423(a)**

22.    The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

23.    In or about July 2006, in the Districts of Massachusetts and Maryland, the

defendant,

**(4) RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen"**
**"Define Dollarz," "Frenchy,"**

knowingly did transport and cause to be transported Victim 1, whose identity is known to the

Grand Jury and who had not attained the age of 18 years, in interstate commerce between

Massachusetts and Maryland, with intent that Victim 1 engage in prostitution and in sexual

activity for which any person can be charged with a criminal offense.


All in violation of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2.

## COUNT FOUR

### (Sex Trafficking and Attempted Sex Trafficking of a Child)
### 18  U.S.C. §§ 1591(a) and (b)(2) and § 1594(a)

24.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

25.     From on or about August 2008 through on or about October 2008, in the District

of Massachusetts and elsewhere, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame Dollarz," "Skame," "Skamen"
### "Define Dollarz," "Frenchy,"

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor,

transport, provide, and obtain by any means a person, Victim 2, whose identity is known to the

Grand Jury, knowing that Victim 2 had not attained the age of 18 years and would be caused to

engage in a commercial sex act.


All in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 18 U.S.C. § 1594(a).

## COUNT FIVE

### (Sex Trafficking and Attempted Sex Trafficking by Force, Fraud, and Coercion)
### 18 U.S.C. §§ 1591(a) and (b)(1)

26.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

27.     From on or about August 2008 through October 2010 and on or about July 2011

through September 2011, in the Districts of Massachusetts, Maine, New Hampshire, Vermont,

Rhode Island, Connecticut, Pennsylvania, New Jersey, New York, and Georgia the defendant,

#### (4) RAYMOND JEFFREYS
#### a/k/a "Skame Dollarz," "Skame," "Skamen,"
#### "Define Dollarz," "Frenchy,"

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor,

transport, provide, and obtain by any means a person, Victim 2, whose identity is known to the

Grand Jury, knowing that force, threats of force, fraud, and coercion would be used to cause

Victim 2 to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(a).

## COUNT SIX

**(Transportation With Intent to Engage in Criminal Sexual Activity)**
**18 U.S.C. § 2421**

28.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

29.     On or about September 5, 2011, in the Districts of Massachusetts and Rhode Island, the defendant,

**(4)     RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen"**
**"Define Dollarz," "Frenchy,"**

knowingly did transport and cause to be transported Victim 2, whose identity is known to the Grand Jury, in interstate commerce between Massachusetts and Rhode Island with intent that Victim 2 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2.

## COUNT SEVEN

### (Sex Trafficking and Attempted Sex Trafficking of a Child)
### 18  .S.C. §§ 1591(a) and (b)(2) and § 1594(a)

30.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

31.     From on or about November 2008 through on or about February 2009, in the Districts of Massachusetts, Maine and Connecticut, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame Dollarz," "Skame," "Skamen"
### "Define Dollarz," "Frenchy,"

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, Victim 3, whose identity is known to the Grand Jury, knowing that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 18 U.S.C. § 1594(a).

## COUNT EIGHT

### (Transportation of Minor With Intent to Engage in Criminal Sexual Activity)
### 18 U.S.C. § 2423(a)

32.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

33.     From on or about November 2008 through February 2009, in the Districts of Massachusetts, Maine and Connecticut, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame Dollarz," "Skame," "Skamen,"
### "Define Dollarz," "Frenchy,"

pursuant to a continuing course of conduct knowingly did transport and cause to be transported Victim 3, whose identity is known to the Grand Jury and who had not attained the age of 18 years, in interstate commerce between Massachusetts, Maine and Connecticut, with intent that Victim 3 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2.

## COUNT NINE

### (Sex Trafficking and Attempted Sex Trafficking by Force, Fraud, and Coercion)
### 18  U.S.C. §§ 1591(a) and (b)(1) and § 1594(a)

34.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

35.     From on or about November 2008 through March 2011, in the Districts of Massachusetts, Maine, New Hampshire, Rhode Island, Connecticut, and New York the defendant,

### (4) RAYMOND JEFFREYS
#### a/k/a "Skame Dollarz," "Skame," "Skamen,"
#### "Define Dollarz," "Frenchy,"

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, Victim 3, whose identity is known to the Grand Jury, knowing that force, threats of force, fraud, and coercion would be used to cause Victim 3 to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(a).

15

## COUNT TEN

### (Transportation With Intent to Engage in Criminal Sexual Activity)
### 18  U.S.C. § 2421

36.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

37.     From on or about February 2009 through March 2011, in the Districts of

Massachusetts and Rhode Island, the defendant,

**(4) RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame,"**
**"Skamen," "Define Dollarz," "Frenchy,"**

pursuant to a continuing course of conduct knowingly did transport and cause to be transported

Victim 3, whose identity is known to the Grand Jury, in interstate commerce between

Massachusetts and Rhode Island, with intent that Victim 3 engage in prostitution and in sexual

activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2.

## COUNT ELEVEN

**(Sex Trafficking and Attempted Sex Trafficking of a Child and by Force,
Fraud and Coercion)
18  U.S.C. §§ 1591(a) and (b)(1) and (b)(2) and 1594(a)**

38.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

39.     On or about July 2010 in the District of Massachusetts, the defendant,

**(4) RAYMOND JEFFREYS
a/k/a "Skame Dollarz," "Skame," "Skamen,"
"Define Dollarz," "Frenchy,"**

knowingly did attempt to and did, in and affecting interstate commerce, recruit, entice, harbor,

transport, provide, obtain, and maintain by any means a person, Victim 4, whose identity is

known to the Grand Jury, knowing and in reckless disregard of the fact that means of force,

threats of force, fraud, coercion, and a combination of such means would be used to cause

Victim 4 to engage in a commercial sex act, and knowing and in reckless disregard of the fact

that Victim 4 had not attained the age of 18 years and would be caused to engage in a

commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and (b)(2) and 18 U.S.C. § 1594(a).

17

## COUNT TWELVE

### (Sex Trafficking and Attempted Sex Trafficking by Force, Fraud, and Coercion)
### 18  U.S.C. §§ 1591(a) and (b)(1) and § 1594(a)

40.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

41.     On or about July 2011, in the Districts of Massachusetts and Rhode Island, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame Dollarz," "Skame," "Skamen,"
### "Define Dollarz," "Frenchy,"

knowingly did and did attempt to, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, Victim 5, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and a combination of such means would be used to cause Victim 5 to engage in a commercial sex act.


All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(a).

18

## COUNT THIRTEEN

### (Transportation With Intent to Engage in Criminal Sexual Activity)
### 18 U.S.C. § 2421

42.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

43.     On or about July 2011, in the Districts of Massachusetts and Rhode Island, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame," "Skame Dollarz," "Skamen,"
### "Define Dollarz," "Frenchy,"

knowingly did transport and cause to be transported Victim 5, whose identity is known to the Grand Jury, in interstate commerce between Massachusetts and Rhode Island, with intent that Victim 5 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.


All in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2.

## COUNT FOURTEEN

### (Sex Trafficking and Attempted Sex Trafficking of a Child)
### 18 U.S.C. §§ 1591(a) and (b)(2)

44.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

45.     From on or about October 8, 2011 to November 10, 2011, in the Districts of Massachusetts, Maine, Nevada, California and elsewhere, the defendant,

### (1) COREY NORRIS,
### a/k/a "Case," "Jacorey Johnson,"

knowingly did and did attempt to, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, Victim 6, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that Victim 6  had not attained the age of 18 years and would be caused to engage in a commercial sex act.


All in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 18 U.S.C. § 1594(a).

## COUNT FIFTEEN

**(Conspiracy to Transport a Minor with Intent to Engage in Criminal Sexual Activity)**
**18  U.S.C. § 2423(e)**

46.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

47.     From on or about October 8, 2011 to November 10, 2011, in the Districts of

Massachusetts, Maine, Nevada, and California, the defendants,

        **(1)  COREY NORRIS,**
            **a/k/a "Case," "Jacorey Johnson," and**

        **(4)  RAYMOND JEFFREYS**
            **a/k/a "Skame Dollarz," "Skame," "Skamen,"**
            **"Define Dollarz," "Frenchy,"**

knowingly did conspire with each other to transport Victim 6, whose identity is known to the

Grand Jury and who had not yet attained the age of 18 years, in interstate commerce between

Massachusetts, Maine, Nevada, and California, with intent that Victim 6 engage in prostitution

and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2423(e).

21

## COUNT SIXTEEN

### (Sex Trafficking and Attempted Sex Trafficking of a Child)
### 18 U.S.C. §§ 1591(a) and (b)(1) and (b)(2) and § 1594(a)

48.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

49.     On or about December 8, 2012, in the Districts of Massachusetts and Rhode Island, the defendant,

### (1) COREY NORRIS,
### a/k/a "Case," "Jacorey Johnson,"

knowingly did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain a person, Victim 7, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and a combination of such means would be used to cause Victim 7 to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Victim 7 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and (b)(2) and 18 U.S.C. § 1594(a).

## COUNT SEVENTEEN

### (Transportation of a Minor With Intent to Engage in Criminal Sexual Activity)
### 18 U.S.C. § 2423(a)

50.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

51.     On or about December 8, 2012, in the Districts of Massachusetts and Rhode Island, the defendant,

### (1) COREY NORRIS,
### a/k/a "Case," "Jacorey Johnson,"

knowingly did transport and cause to be transported Victim 7, whose identity is known to the Grand Jury and who had not attained the age of 18 years, in interstate commerce from Massachusetts to Rhode Island, with intent that Victim 7 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2423(a).

## COUNT EIGHTEEN

**(Sex Trafficking and Attempted Sex Trafficking by Force, Fraud, and Coercion)**
**18 U.S.C. §§ 1591(a) and (b)(1) and § 1594(a)**

52.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

53.     From on or about March 2013 to January 2014, in the Districts of Massachusetts, Maine, New Jersey, and Rhode Island, the defendant,

**(4)   RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen,"**
**"Define Dollarz," "Frenchy,"**

knowingly did and did attempt to, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, Victim 8, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and a combination of such means would be used to cause Victim 8 to engage in a commercial sex act.


All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(a).

.

## COUNT NINETEEN

**(Transportation With Intent to Engage in Criminal Sexual Activity)
18 U.S.C. § 2421**

54.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

55.     From on or about March 2013 to January 2014, in the Districts of Massachusetts and Maine, the defendant,

**(4) RAYMOND JEFFREYS
a/k/a "Skame Dollarz," "Skame," "Skamen,"
"Define Dollarz," "Frenchy,"**

pursuant to a continuing course of conduct knowingly did attempt to transport and cause to be transported Victim 8, whose identity is known to the Grand Jury, in interstate commerce between the Districts of Massachusetts and Maine, with intent that Victim 8 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2.

## COUNT TWENTY

**(Sex Trafficking and Attempted Sex Trafficking by Force, Fraud, and Coercion)**
**18 U.S.C. §§ 1591(a) and (b)(1) and § 1594(a)**

56.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

57.     From on or about August 2013 to October 2013, in the Districts of Massachusetts, Maine, Connecticut, and Rhode Island, the defendant,

### (4) RAYMOND JEFFREYS
a/k/a "Skame Dollarz," "Skame," "Skamen,"
"Define Dollarz," "Frenchy,"

knowingly did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, Victim 9, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and a combination of such means would be used to cause Victim 9 to engage in a commercial sex act.


All in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(a).

## COUNT TWENTY ONE

**(Transportation With Intent to Engage in Criminal Sexual Activity)**
**18 U.S.C. § 2421**

58.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

59.     From on or about August 2013 to October 2013, in the Districts of Massachusetts and Maine, the defendant,

**(4) RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen,"**
**"Define Dollarz," "Frenchy,"**

knowingly did transport and cause to be transported Victim 9, whose identity is known to the Grand Jury, in interstate commerce between Massachusetts and Maine, with intent that Victim 9 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

All in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2.

## COUNT TWENTY TWO

### (Conspiracy to Sex Traffic by Force, Fraud and Coercion)
### 18 U.S.C. § 1594(c)

60.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 – 14 of this Third Superseding Indictment and further charges that:

61.     From on or about March 2013 to May 2014, in the Districts of Massachusetts, Maine, New Jersey, Connecticut and Rhode Island, the defendant,

### (4) RAYMOND JEFFREYS
### a/k/a "Skame Dollarz," "Skame," "Skamen,"
### "Define Dollarz," "Frenchy,"

with others known to the Grand Jury knowingly did conspire with to recruit, entice, harbor, transport, provide, obtain, and maintain by any means individuals, both known and unknown to the Grand Jury, in and affecting interstate commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and a combination of such means would be used to cause those individuals to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a).

All in violation of 18 U.S.C. § 1594(c).

28

## COUNT TWENTY THREE

### (Tampering with a Witness by Attempting to Kill)
### 18 U.S.C. § 1512(a)(1)(C)

62.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 14 – 17 of this Third Superseding Indictment and further charges that:

63.     On or about April 30, 2013, in the District of Massachusetts, the defendants,

**(4) RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame," "Skamen"**
**"Define Dollarz," "Frenchy," and**

**(8) JAQUAN CASANOVA**
**a/k/a "Cass," "Joffy," "Joffy Joe"**

aided and abetted by each other, did attempt to kill Darian Thomson, a/k/a "Bo," "Dee Bo" with

the intent to prevent the communication by Thomson to a law enforcement officer and judge of

the United States of information relating to the commission and possible commission of Federal

offenses, including conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c), sex

trafficking of minors and by force fraud and coercion in violation of 18 U.S.C. § 1591(a), (b)(1),

and (b)(2), and transportation of minors and adult women for purposes of prostitution, in

violation of 18 U.S.C. § 2421 and 18 U.S.C.§ 2423(a).

All in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2.

## COUNT TWENTY FOUR

### (Conspiracy to Tamper with a Witness by Attempting to Kill)
### 18 U.S.C. § 1512(k)

64.     The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 14 – 17 of this Third Superseding Indictment and further charges that:

65.     On or about April 30, 2013, in the District of Massachusetts, the defendants,

### (4) RAYMOND JEFFREYS
a/k/a "Skame Dollarz," "Skame," "Skamen,"
"Define Dollarz," "Frenchy," and

### (8) JAQUAN CASANOVA
a/k/a "Cass," "Joffy," "Joffy Joe"

conspired with each other and others known and unknown to the Grand Jury to kill and attempt

to kill Darian Thomson, a/k/a "Bo," "Dee Bo," with the intent to prevent the communication by

Thomson to a law enforcement officer and judge of the United States information relating to the

commission and possible commission of Federal offenses, in violation of 18 U.S.C. §

1512(a)(1)(C) and 18 U.S.C. § 2, specifically the offenses of conspiracy to commit sex

trafficking in violation of 18 U.S.C. § 1594(c), sex trafficking of minors and by force fraud and

coercion in violation of 18 U.S.C. § 1591(a), (b)(1), and (b)(2), and transportation of minors and

adult women for purposes of prostitution, in violation of 18 U.S.C. § 2421 and 18

U.S.C.§ 2423(a).

All in violation of 18 U.S.C. § 1512(k).

30

## COUNT TWENTY FIVE

### (False Statements to a Federal Agent)
### 18  U.S.C. § 1001

66.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 14 – 17 of this Third Superseding Indictment and further charges that:

67.     On January 12, 2015, a federal agent from United States Immigration and Customs Enforcement/Homeland Security Investigations and Detectives of the Boston Police Department, who were jointly investigating the shooting of Thomson, interviewed Casanova and asked him about his relationship with Jeffreys.  Casanova told them that he had not seen Jeffreys since they were in the same location in 2011 or 2012, that he did not know him well, and that he did not even know where he lived in 2013.  This was false, misleading, deceptive, ficticious, and fraudulent as to a material matter, as Casanova had an ongoing relationship with Jeffreys in 2013, had seen him multiple times, and had spent time at the apartment that Jeffreys lived in during that time.

68.     On or about January 12, 2015, in the District of Massachusetts, the defendant,

### (8) JAQUAN CASANOVA
### a/k/a "Cass," "Joffy," "Joffy Joe"

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, by falsely stating to an agent of the United States Immigration and Customs Enforcement/Homeland Security Investigations and Detectives of the Boston Police

Department in Boston Massachusetts that he had not seen Jeffreys since they were in the same location in 2011 or 2012, that he did not know him well, and that he did not even know where Jeffreys lived in 2013.  These statements and representations were false, as the defendant Jaquan Casanova then and there knew he had an ongoing relationship with Jeffreys in 2013, had seen him multiple times in 2013, and had spent time at the apartment that Jeffreys lived in during that time.

All in violation of 18 U.S.C. § 1001.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. §§ 981(a)(1)C), 1594(d), 2428(b) and 28 U.S.C. § 2461(c)

69.     Upon conviction of one or more of the offenses charged in Counts One through Twenty Four, the defendants,

**(1) COREY NORRIS**
**a/k/a "Case," "Jacorey Johnson,"**

**(4) RAYMOND JEFFREYS**
**a/k/a "Skame Dollarz," "Skame" "Skamen,"**
**"Define Dollarz," "Frenchy," and**

**(8) JAQUAN CASANOVA**
**a/k/a "Cass," "Joffy," "Joffy Joe"**

jointly and severally as to the Counts in which they are charged, shall forfeit to the United States, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1512, 1591, 1594, 2421 and 2423; (ii) pursuant to 18 U.S.C. § 1594(d), any property real or personal, used or intended to be used to commit or to facilitate the commission of violations of 18 U.S.C. §§ 1591 and 1594, and any property, real or personal, that constitutes or is derived from proceeds traceable to any such violations and (iii) pursuant to 18 U.S.C. § 2428(b), any property real or personal, used or intended to be used to commit or to facilitate the commission of violations of 18 U.S.C. §§ 2421 and 2423, and any property, real or personal, that constitutes or is derived from proceeds traceable to any such violations.

33

70.     If any of the property described in paragraph 69 hereof as being forfeitable, as a result of any act or omission of the defendants --

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred to, sold to, or deposited with a third party;

      c.     has been placed beyond the jurisdiction of this Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 69.

All pursuant to Title 18, United States Code, Sections 981, 1594, 2428, and Title 28 United States Code, Section 2461.

34

A TRUE BILL,

**FOREPERSON OF THE
GRAND JURY**

Amy Harman Burkart
Christopher Pohl
Assistant U.S. Attorneys

David Bradley
Special Assistant U.S. Attorney

**Deputy Clerk**

4/16/15
@ 1:25

35