UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
**UNITED STATES**                         )
                                          )
         **v.**                           )
                                          )
**JAQUAN CASANOVA,**                      )        Criminal No. 13-cr-10077-DJC
                                          )
         **Defendant.**                   )
                                          )
_____ )

## MEMORANDUM AND ORDER

**CASPER, J.**                                              **February 1, 2021**

### I.      Introduction

Petitioner Jaquan Casanova ("Casanova") has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2255 raising grounds to challenge his conviction.  D. 821. Having considered the Petition, D. 821-22, and the government's opposition, D. 829, and Casanova's reply, D. 836, the Court DENIES the Petition.

### II.     Discussion

#### A.      Standard of Review

Pursuant to 28 U.S.C. § 2255, an individual may move to vacate his conviction if such "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).

The burden is on the petitioner to make out a case for § 2255 relief.  David, 134 F.3d at 474.  A petitioner raising claims of error for the first time in a § 2255 petition must show both

"cause" excusing his procedural default in not raising the issue before and "actual prejudice" resulting from the alleged error.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense" prevented the petitioner from having raised the claim earlier.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Even, however, if a petitioner shows cause for his procedural default, he still must show "actual prejudice" from the alleged error for his § 2255 claim to be cognizable.  To meet this standard, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Frady, 456 U.S. at 170 (emphasis in original).

### B.   Procedural and Factual Background

Casanova was charged with tampering with a witness by attempting to kill in violation of 18 U.S.C. § 1512(a)(1)(C) (Count I), conspiracy to tamper with a witness by attempting to kill in violation of 18 U.S.C. § 1512(k) (Count II) and making false statements to a federal agent in violation of 18 U.S.C. § 1001 (Count III).  D. 555.  These charges arose out of Casanova's role in attempting to murder Darian Thomson, a person that lead defendant, Raymond Jeffreys, believed was cooperating with law enforcement to investigate his criminal operation.  D. 779 at 3.  On June 2, 2016, after an eight-day trial, a jury convicted Casanova of Counts I and III, but acquitted him of Count II, the conspiracy charge.  D. 673.  Casanova moved to set aside the verdict on Count I given his acquittal on the conspiracy charge in Count II, D. 729, which the Court rejected.  D. 740; D. 770 at 4.  On October 27, 2016, this Court sentenced him to 366 months on Count I and 60 months on Count III, to be served concurrently.  D. 741.  Casanova appealed his conviction, raising

three challenges to his conviction:  i) that the Court erred in failing to question potential jurors individually about racial bias; ii) the government's fingerprint expert made a prejudicially false statement about the accuracy of fingerprint identification analysis; and iii) the Court improperly allowed admission of co-defendant Jeffreys' physical abuse of prostitutes in his sex trafficking operation in violation of Fed. R. Evid. 403.  D. 779 at 6; D. 821 at 2.   On March 26, 2018, the First Circuit rejected these challenges and affirmed his conviction.  D. 780; United States v. Casanova, 886 F.3d 55 (1st Cir. 2018).  Casanova did not seek a petition for certiorari and so the judgment became final on June 26, 2018.  D. 821 at 12.

He timely filed the Petition on June 17, 2019.  D. 821.  The Petition raises two challenges: 1) that the jury instruction as to Count I, the tampering with a witness by attempted murder charge, was improper since it instructed that the government did not have to provide motive; and 2) that Casanova received ineffective assistance of counsel when his trial counsel failed to object to this instruction.  D. 821 at 5-6; D. 822 at 6, 8.

### C.   **Ground One is Procedurally Barred**

Ground One (error in instructing jury that government did not have to prove motive as to Count I) is procedurally barred.  Casanova did not object to this aspect of the jury instructions at trial and did not raise it in his direct appeal.  D. 829 at 5.  Accordingly, this claim is deemed waived, United States v. Bucci, 662 F.3d 18, 29 (1st Cir. 2011), unless Casanova can show cause for his procedural default and actual prejudice, Bousley, 523 U.S. at 622, or actual innocence.  Id. Casanova has made no showing of actual innocence and has also not shown cause for his procedural default and actual prejudice.  Even if he relies upon the alleged ineffectiveness of his trial counsel to object at trial, this "cause" fails, as discussed further below, since such failure was

3

not deficient performance and, even if it were, there was no actual prejudice to Casanova since such objection would have been meritless.

### D.   On the Merits, Both Grounds One and Two Fail

On the merits, both claims, Grounds One and Two, fail.  As to Ground One, Casanova's unpreserved objection to the 'lack of motive' instruction as to the witness tampering by attempted murder charge, Count I, fails.  The Court properly instructed the jury as to the requisite elements that the government had to prove beyond a reasonable doubt for this charge, consistent with relevant case law.  D. 829 at 8 (citing cases); D. 829-2 (excerpt of jury charge).  In relevant part, the jury instructions included the instruction that the government's burden was to prove that Casanova acted "with the intent to prevent a communication about the commission of a federal offense to a federal law enforcement officer or judge."  D. 829-2 at 6 (jury charge); United States v. Fowler, 563 U.S. 668, 672 (2011) (addressing elements of charge under 18 U.S.C. § 1512(a)(1)(C)); United States v. Jimenez-Bencevi, 788 F.3d 7, 24 (1st Cir. 2015) (citing Fowler). Moreover, the Court instructed, consistent with applicable law, that motive is different from intent, the government did not have prove motive as to any of the charges against Casanova and that "motive was immaterial, except insofar as evidence of motive may aid in determination of his state of mind or his intent."  D. 829-2 at 5-6.  Although citing Fowler, Casanova incorrectly substitutes a requirement that the witness tampering charge requires that the government show that his conduct was "motivated by a desire" to prevent a communication to federal authorities.  D. 822 at 3, 8; D. 836 at 2-4.  The elements of the charge, however, as Fowler recognized, mandate a showing of specific intent (i.e., whether Casanova had the requisite state of mind, acting with the intent to prevent a communication about the commission of a federal offense to federal authorities). Fowler, 563 U.S. at 672.  The Court properly instructed the jury as to this element and it would

have been improper to instruct the jury that the government had to prove motive.  That said, the jury was also properly instructed that it might still consider any evidence of motive, but only insofar as same might aid in its determination of Casanova's state of mind or intent.  As none of these instructions were improper or reduced the government's burden of proof, Ground One fails.

Ground Two, the ineffective assistance of counsel claim also fails.  To prevail on a Sixth Amendment claim of ineffective assistance of counsel, Casanova must show that his "counsel's representation fell below an objective standard of reasonableness" and that such deficiency prejudiced him.  Strickland v. Washington, 466 U.S. at 688, 692 (1984).  As to the first prong of Strickland, the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996).  An attorney's performance is deficient "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it."  Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted).  Even with a showing of such deficient performance, a petitioner may only prevail on his ineffective assistance claim if he satisfies the second prong of Strickland, the prejudice prong:  i.e., he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694.  This is a "'highly demanding' and 'heavy burden,'" meaning that "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Williams v. Taylor, 529 U.S. 362, 394 (2000) (quoting Strickland, 466 U.S. at 694).

There was no deficiency in trial counsel's performance as Casanova alleges as the jury instruction for Count I was proper, as discussed above.  See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (noting that "counsel's performance was not deficient if he declined to pursue a futile

5

tactic"). Even if the failure to object this aspect of the jury instruction for Count I was deficient (which it was not), Casanova has failed to show that, but for this deficiency, the result would have been different. Since the objection about the instruction about motive is meritless, the Court cannot conclude, but for failing to raise it, trial counsel's objection would have led to a different outcome at trial. Casanova has not shown how the jury instruction given was improper or the alternative instruction that Casanova appears to advance, D. 822 at 4; D. 836 at 2-4, would have been accepted by the Court and then would have led to his acquittal as to Count II, particularly in the light of the substantial evidence of his guilt. Moreover, to the extent that Casanova relies in part upon his acquittal as to Count II as evidence of the prejudicial effect of counsel's alleged failure to object to the jury instruction as to Count I, the Court rejects that argument for much the same substantive reasons as the government articulated in its opposition to his motion to set aside the verdict on Count I, D. 738 at 2-4, a motion that the Court rejected. D. 740.

For all of these reasons, Grounds One and Two of the Petition fail.[1]

III.   **Conclusion and Certificate of Appealability**

For the reasons stated above, the Court DENIES the Petition, D. 821.

A petitioner may receive a certificate of appealability only if he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Although the Court is not inclined to issue a

---

[1] To the extent that Casanova seeks an evidentiary hearing, D. 822 at 6, such is not warranted here where Ground One as to the jury instruction and Ground Two as to alleged ineffectiveness for failing to object to that jury instruction, are facially inadequate or otherwise do not entitle him to relief. David, 134 F.3d at 477.

certificate of appealability at this time, the Court will give Casanova until March 1, 2021, to file a

motion for certificate of appealability addressing whether he seeks a certificate of appealability as

to any of the grounds in the Petition and making the showing that such is warranted here.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge